**IT IS HEREBY ADJUDGED and DECREED that the below described is SO ORDERED.**

**Dated: June 01, 2022.**



_____
CRAIG A. GARGOTTA
CHIEF UNITED STATES BANKRUPTCY JUDGE

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| IN RE: | § | CASE NO. 21-51206-cag |
| | § | |
| VICTOR HUGO SANCHEZ, | § | CHAPTER 7 |
| | § | |
| Debtor. | § | |

| | | |
|---|---|---|
| DOCTOR'S HOSPITAL AT RENAISSANCE, LTD. AND RGV MED, LLC, | §§§§ | |
| Plaintiffs, | §§ | |
| v. | §§ | ADV. NO. 22-05003-cag |
| VICTOR HUGO SANCHEZ, | §§§ | |
| Defendant. | § | |

### ORDER DENYING DEFENDANT VICTOR HUGO SANCHEZ'S MOTION FOR DISMISSAL FOR FAILURE TO STATE A CLAIM (ECF NO. 3) AND GRANTING LEAVE TO AMEND

This is the Court's ruling on Defendant Victor Hugo Sanchez's Motion for Dismissal for

Failure to State a Claim ("Motion to Dismiss") (ECF No. 3)[1]. Plaintiffs Doctor's Hospital at

---

[1] "ECF" denotes electronic filing docket number.

1

Renaissance, Ltd. and RGV Med, LLC filed Plaintiffs' Response to Defendant's Motion to Dismiss (ECF No. 4) ("Response"). The Court took the matter under advisement without the necessity of a hearing. For the reasons stated in this Order, the Court DENIES the Motion to Dismiss. The Court further finds that Plaintiffs have 14 days from the entry of this Order to amend its complaint.

## JURISDICTION

This Court has jurisdiction over the Motion to Dismiss pursuant to 28 U.S.C. § 1334(b). Plaintiffs claims of nondischargeability are deemed a core proceeding under 28 U.S.C. § 157(b)(2)(I). Venue is proper under 28 U.S.C. §§ 1408 and 1409. The statutory predicate for relief is Federal Rule of Civil Procedure ("Rule(s)") 12(b)(6), made applicable to this proceeding through Fed. R. Bankr. P. 7012 and Local Rule 7012. This matter is referred to this Court pursuant to the District Court's Order of Reference.

## BACKGROUND

On October 4, 2021, Victor Hugo Sanchez, ("Sanchez") voluntarily filed for Chapter 7 Bankruptcy (*See* Case No. 21-51206-CAG, ECF No. 1). On January 11, 2022, Plaintiffs Doctor's Hospital at Renaissance Ltd. and RGV Med, LLC ("Hospital") filed their Complaint for Determination of Non-Dischargeability ("Complaint") (ECF No. 1). The Complaint pleads three claims for relief: (1) fraudulent concealment of assets under 11 U.S.C. § 727(a)(2); (2) making of false oaths or accounts under 11 U.S.C. § 727 (a)(4)(A); (3) attorney's fees and costs.

The Hospital's claims arise from conduct that occurred during pre-petition litigation between the parties. On August 16, 2017, Sanchez initiated an arbitration proceeding against the Hospital. (ECF No. 1 at 3). On December 17, 2018, the arbitration panel rejected all the claims brought by Sanchez and ordered him to pay the Hospital's attorney's fees and costs from the

arbitration in the amount of $482,202.98. (*Id.* at 3-4). The Hospital then filed a Petition to Confirm Arbitration Award in the 332nd Judicial District Court in Hidalgo County, Texas, Cause No. C-0084-19-F ("State Court Lawsuit"). (*Id.* at 4). As part of this proceeding, the Hospital requested post-judgment discovery, including a deposition of Sanchez on June 29, 2021. (*Id.*). At the deposition, the Hospital asked Sanchez questions regarding his financial affairs in an attempt to collect on its judgment. Shortly thereafter, Sanchez filed bankruptcy and the Hospital filed its Complaint, thereby commencing this adversary. In response, Sanchez filed his Motion to Dismiss. The Hospital then filed its Response.

## LEGAL STANDARD

### Rule 12(b)(6)

To survive a Rule 12(b)(6) motion to dismiss, a complaint must contain sufficient facts, accepted as true, to state a claim to relief that is plausible on its face. ***Gonzalez v. Kay***, 577 F.3d 600, 603 (5th Cir. 2009) (citing ***Ashcroft v. Iqbal***, 556 U.S. 662, 678 (2009)). A claim for relief is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." ***Iqbal***, 556 U.S. at 678. A court should not accept "threadbare recitals of a cause of action's elements supported by mere conclusory statements." ***Hershey v. Energy Transfer Partners, LP***, 610 F.3d 239, 245–46 (5th Cir. 2010) (quoting *Iqbal*, 556 U.S. at 678). In other words, legal conclusions are not enough; the complaint must allege facts that support its claims for relief. ***Bell Atl. Corp. v. Twombly***, 550 U.S. 544, 555 (2007). In reviewing whether the complaint sufficiently states a claim on which relief may be granted, the Court must accept all well-pleaded facts as true and view those facts in the light most favorable to the plaintiff. ***Thompson v. City of Waco, Tex.***, 764 F.3d 500, 502–03 (5th Cir. 2014).

**Rule 9**

Though most causes of action are subject to Rule 8(a)'s pleading standard, *Iqbal,* 566 U.S. at 677-78, Rule 9(b) establishes a heightened pleading standard for cases where the Plaintiff alleges fraud. Under Rule 9(b), fraud claims must be alleged with particularity concerning the circumstances of the fraud. Fed. R. Civ. P. 9(b). Rule 9(b) requires the plaintiff to "plead the who, what, when, where, and why as to the fraudulent conduct." *Life Partner Creditors' Tr. v. Crowley (Matter of Life Partners Holdings, Inc.),* 926 F.3d 103, 117 (5th Cir. 2019). This heightened pleading standard applies to both of the § 727 causes of action pled here, as each claim carries a fraudulent intent element. While no binding case law exists explicitly stating that Rule 9 applies to §§ 727(a)(2) or (a)(4) claims, other courts have applied the heightened standard to these claims. *E.g. Hill v. Yoon (In re Yoon),* Adv. Case No. 10-03526, 2011 WL 1258179 (Bankr. S.D. Tex., Apr. 1, 2011). Regardless, the Hospital acknowledges that Rule 9 applies to its § 727 claims. (ECF No. 4 at 3). Accordingly, the Court will analyze the Complaint using the heightened pleading standard under Rule 9.

## ANALYSIS

In its Complaint, the Hospital alleges three causes of action, each with their own underlying facts. Each claim is insufficiently pled. Nevertheless, the Court will DENY the Motion to Dismiss but will GRANT the Hospital leave to amend its complaint. The Court will analyze each cause of action in turn.

**I.  *Claims under 11 U.S.C. § 727(a)(2)***

First, the Hospital asserts that Sanchez fraudulently concealed assets under 11 U.S.C. § 727(a)(2)[2] by diverting income he earns from consulting into the account of an entity owned by

---

[2] Unless otherwise indicated, all section references are to Title 11 U.S.C.___ et. seq.

4

Sanchez called Chioggia Oil & Gas, LLC ("Chioggia"). (ECF No. 1 at 5). According to the Hospital, Sanchez's income goes directly to Chioggia, which then pays Sanchez's personal expenses and writes off those expenses. (*Id.*) The Hospital supports this contention by citing pre-petition deposition testimony in which Sanchez allegedly stated that his income "goes to Chioggia on [Sanchez's] behalf," with the arrangement being that "Chioggia pays Sanchez's personal expenses and then writes them off." (*Id.* at 5-6). The Hospital argues this arrangement is fraudulent because Sanchez allegedly stated that Chioggia, "had no business, generated no income, and wasn't doing anything." (*Id.* at 5).

In the Motion to Dismiss, Sanchez's first argument attacks the plausibility of claims for undervaluing artwork on his bankruptcy schedules under § 727(a)(2). (ECF No. 3 at 3-10). This argument is irrelevant, as the only claim under § 727(a)(2) pled in the Complaint was the diverting of income through the Chioggia account.

Sanchez's next argument contends that no plausible claim for fraudulent concealment can be made on the facts alleged for two primary reasons: (1) a debtor's pre-petition use of income from a business bank account is not transferring, removing, destroying, or mutilating property of the debtor; and (2) Sanchez concealed nothing because the Hospital knew about the Chioggia arrangement as early as the June 2021 deposition. (*Id.* at 11).

In response, the Hospital reiterates that the claim was pled with particularity subject to the heightened pleading standard under Rule 9(b). (ECF No. 4 at 4-5). The Hospital points the Court's attention to paragraphs 15-21 of the complaint for the "who, what, when, where, and how" of the claim. (*Id.* at 5).

§ 727(a)(2) provides,

(a) the court shall grant the debtor a discharge, unless— . . .

5

> (2) the debtor, with intent to hinder, delay, or defraud a creditor or an officer of the estate charged with custody of property under this title, has transferred, removed, destroyed, mutilated, or concealed, or has permitted to be transferred, removed, destroyed, mutilated, or concealed—
> (A) property of the debtor, within one year before the date of the filing of the petition; or
> (B) property of the estate, after the date of the filing of the petition.

In order to plead a valid claim for fraudulent concealment under § 727(a)(2), the Hospital must show: (1) within one year of the date of filing, (2) the debtor or a duly authorized agent of the debtor, (3) transferred, removed, destroyed, or concealed any of the debtor's property, or permitted any of these acts to be done, (4) with the actual intent to hinder, delay, or defraud a creditor or an officer of the estate charged with custody of property under the Bankruptcy Code. ***Lowry v. Croft*** (***In re Croft***), 500 B.R. 823, 851 (Bankr. W.D. Tex. 2013) (citing ***Vill. of San Jose v. McWilliams***, 284 F.3d 785, 793–94 (7th Cir. 2002)). Each of these elements will be measured against Rule 9's heightened pleading standard and analyzed in turn.

First, whether the act complained of was done within one year of the date of filing bankruptcy. The Complaint does not specifically allege when the consulting income was deposited into the Chioggia account. The Complaint states only that Sanchez "received (and presumably continues to receive) these fees on a monthly basis" and that this conduct occurred "during the twelve months preceding the Debtor's bankruptcy filing." (ECF No. 1 at 5). These statements are conclusory and do not plead facts with enough particularity to determine whether the conduct actually took place during the one-year look-back period. Because there is no specific factual allegation as to when this arrangement began or when it ended, the Complaint does not plead enough facts on this element to pass Rule 9.

Second, whether the act was committed by the debtor or a duly authorized agent of the debtor. The Hospital contends that at Sanchez's deposition, Sanchez himself stated that Chioggia

6

exists "so that [Sanchez] can expense things through that entity." (ECF No. 1 at 5–6). Sanchez does not present any arguments asserting that it was another person or entity that committed the allegedly fraudulent acts. Thus, the Complaint passes muster on this element.

Third, whether the debtor transferred, removed, destroyed, mutilated, or concealed property of the debtor. Here, the Hospital only asserts that Sanchez concealed property. Concealment under § 727(a)(2) is defined as a "transfer of title to property while retaining benefits of ownership." *Cullen Center Bank & Trust v. Lightfoot* (*In re Lightfoot*), 152 B.R. 141, 146 (Bankr. S.D. Tex. 1993) (quoting *In re Sanders,* 128 B.R. 963, 969 (Bankr. W.D. La 1991)). Furthermore, "the transfer of title with attendant circumstances indicating that the bankrupt continues to use the property as his own is sufficient to constitute a concealment." *Thibodeaux v. Olivier* (*In re Olivier*), 819 F.2d 550, 554 (5th Cir. 1987). The concealment is not based on the secrecy of the transaction, but rather the retention of beneficial interest by the transferor. *Lightfoot,* 152 B.R. at 147.

On this element, the Complaint alleges that "pre-petition income (Sanchez) earned was deposited into the bank account of an entity named Chioggia Oil & Gas, LLC." (ECF No. 1 at 5–6). The Hospital contends Sanchez deposited this personal income into the Chioggia account so that Chioggia could pay Sanchez's personal expenses. These wages, according to the Hospital, are Sanchez's property; therefore, depositing them into the Chioggia account constitutes concealment. Sanchez argues that this arrangement could not have been concealed from the Hospital because it knew about the arrangement once it was divulged during Sanchez's pre-petition deposition.

Taking all the Hospital's allegations as true, the Complaint has pled sufficient facts on this element to survive Rule 9. It is plausible that Sanchez's business arrangement with Chioggia constitutes concealment because the facts allege a transfer of property and a subsequent retention

7

of benefits via Chioggia's payment of Sanchez's personal expenses. The Court notes that whether the Hospital knew about the alleged concealment is irrelevant for the purpose of measuring the Complaint against the pleading standard. That issue will be reserved for trial.

Finally, the Court must analyze whether the Complaint has sufficiently pled intent to hinder, defraud, or delay the creditors. This element requires showing actual intent, not constructive intent. ***First Tex. Sav. Ass'n, Inc. v. Reed (In re Reed),*** 700 F.2d 986, 991-92 (5th Cir. 1983). Actual intent may be based on circumstantial evidence or inferences from a course of conduct. ***Pavy v. Chastant (In re Chastant)***, 873 F.2d 89, 91 (5th Cir. 1989). Moreover, the Fifth Circuit has identified the following factors may provide evidence of actual intent to defraud:

1) A lack or inadequacy of consideration;
2) A familial or close relationship between the parties;
3) Retention of possession, benefit, or use of the property in question;
4) The financial condition of the party sought to be charged both before and after the transaction in question;
5) The existence or cumulative effect of a pattern or course of conduct after the incurring of a debt, onset of financial difficulties or threat of suits be creditors; and
6) The general chronology of the events and transactions at issue.

*See **Id.***

On this element, the Hospital's only allegation is that "the Debtor continuously concealed property with actual intent to hinder, delay or defraud Plaintiffs and other creditors." (ECF No. 1 at 6-7). This statement—without more—presents a textbook threadbare recital deemed insufficient by the Supreme Court in ***Twombly***. Therefore, this Court finds that the Hospital's Complaint does not plead sufficient facts to pass muster.

8

While the above analysis of the elements of § 727(a)(2) is based on the face of the Complaint, the Court notes that many of the facts recited in the Hospital's Complaint come from deposition testimony. The Complaint cites to the deposition but does not attach a transcript of the deposition. This Court previously ruled that pleading insolvency by merely referencing documents from the underlying bankruptcy docket, but not attaching them to the complaint, does not satisfy the pleading requirements of Rule 8. ***Crescent Res. Litig. Tr. v. Nexen Pruet, LLC (In re Crescent Res.)***, Adv. Case No. 09-11507-CAG, 2012 WL 195528, at *14-15 (Bankr. W.D. Tex. Jan. 23, 2012). Here, the fact that documents underpinning several elements of the cause of action were not attached proves fatal for two reasons: 1) Rule 9 and its heightened pleading standard is applicable here; and 2) the relevant documents are not from the main bankruptcy case, but from a wholly separate state court litigation beyond this Court's access.

## II.  *Claims under 11 U.S.C. § 727(a)(4)*

The Hospital's second point of contention is that Sanchez provided "false oaths or accounts" under § 727(a)(4). § 727(a)(4) states, "(a) the court shall grant the debtor a discharge, unless— . . . (4) the debtor knowingly and fraudulently, in or in connection with the case— (A) made a false oath or account."

In order to plead a valid claim for relief under § 727(a)(4), a Plaintiff must affirmatively plead the following elements: "(1) [the debtor] made a statement under oath; (2) the statement was false; (3) [the debtor] knew the statement was false; (4) [the debtor] made the statement with fraudulent intent; and (5) the statement related materially to the bankruptcy case." ***Cadle Co. v. Pratt (In re Pratt)***, 411 F.3d 561, 566 (5th Cir. 2005).

9

Notably, "Bankruptcy Courts have not construed § 727(a)(4) generally to impose strict liability for the schedules and false statements." *Interfirst Bank Greenville, N.A., v. Morris (In re Morris)*, 58 B.R. 422, 427 (Bankr. N.D. Tex. 1986). Innocent mistakes and inadvertence are generally not sufficient to result in denial of a discharge. *See e.g., Mozeika v. Townsley (In re Townsley)*, 195 B.R. 54, 65 (Bankr. E.D. Tex. 1996) ("The denial of a discharge under § 727(a)(4)(A) cannot be imposed where the false statement was the result of a simple or honest mistake or inadvertence. Rather, to sustain an objection to discharge under this section, the debtor must have willfully made a false statement with intent to defraud his creditors.").

Nevertheless, a debtor need not have acted deliberately to deceive. *Beaubouef v. Beaubouef, (In re Beaubouef)*, 966 F.2d 174, 178 (5th Cir. 1992). ("It makes no difference that [the debtor] does not intend to injure his creditors when he makes a false statement. Creditors are entitled to judge for themselves what will benefit, and what will prejudice, them.") (quoting *Chalik v. Moorefield (In re Chalik)*, 748 F.2d 616, 618 (11th Cir. 1984) (per curiam)). Intent can be shown by establishing that the debtor acted with reckless disregard for the truth, which can be proven by circumstantial evidence. *Sholdra v. Chilmark Fin. LLP (In re Sholdra)*, 249 F.3d 380, 382 (5th Cir. 2001). Reckless disregard for truth can be proven by "the existence of more than one falsehood, together with [the debtor's]…failure to take advantage of the opportunity to clean up all the inconsistencies and omissions when he filed his [schedules]." *Beaubouef*, 966 F.2d at 178.

Because the Complaint alleges four different claims under § 727(a)(4), the Court will analyze each claim in turn.

### a) Valuation of Paintings

The Hospital's first assertion under § 727(a)(4) states that Sanchez made a false oath by making contradictory statements concerning the value of his art collection. According to the

Hospital, Sanchez valued his art collection at $310,000 on an application for a Small Business Association Loan. (ECF No. 1 at 6). Subsequent to the loan application, the Hospital alleges that Sanchez, in his deposition, valued his art collection between $155,000 and $170,000. (*Id.*). Finally, the Hospital points to Sanchez's bankruptcy schedules which state that the value of the paintings is $15,500, low enough for the paintings to be exempted. (*Id.*). The Hospital has not alleged whether or not Sanchez exempted the paintings. This alleged inconsistency, according to the Hospital, constitutes a false oath or account.

In his Motion to Dismiss, Sanchez argues that the Hospital's recital of his deposition testimony is false and conclusory. (ECF No. 3 at 4). Sanchez states that what the Hospital characterizes as valuations are instead Sanchez's speculation as to the value of the artwork and a third party's lay opinion of the value. (*Id.* at 8–9). Notably, Sanchez attaches excerpts from the referenced deposition testimony to refute The Hospital's characterization. *See* Ex. MX-1 attached to the Motion to Dismiss (ECF No. 3). Finally, the Motion to Dismiss argues that the Complaint offers no support for either the "materially related to the bankruptcy case" element or the "knowing and fraudulent" element of 727(a)(4). (*Id.* at 13).

In response, the Hospital argues that the Complaint sets out "(a) who made the false oaths, (b) what oaths were false and why they were false, and (c) when, where, and how the false oaths were made." (ECF No. 4 at 6). Moreover, the Hospital's Response contends that because some of the inconsistent statements were made on Sanchez's bankruptcy Schedules and Statement of Financial Affairs ("SOFA"), the allegedly inconsistent statements are thus materially related to the bankruptcy case. (*Id.*). Lastly, the Response argues that Rule 9(b) allows the scienter element of fraud claims to be plead generally, which the Complaint does by stating that the statements on Sanchez's schedules and SOFA were made knowingly and fraudulently. (*Id.*).

11

The Court finds that the Complaint has pled sufficient facts to prove a claim under § 727(a)(4). Taking the allegations in the Complaint as true and viewing all facts in the light most favorable to the Hospital, the Court concludes that the Complaint has shown that it is plausible that Sanchez made a false statement that he knew was false in order to exempt his artwork in his bankruptcy case. This set of facts—if true—satisfies each element of a claim under § 727(a)(4) and therefore also meets the standard of Rule 9's heightened pleading standard.

### b) Allegedly misstating income

In addition to the alleged undervaluing of the art collection, the Hospital contends that Sanchez reported income and wages of $1,500, while testifying during his deposition to an amount that was "significantly and materially higher." (ECF No. 1 at 8). Specifically, the Hospital references Sanchez's deposition testimony that his monthly consulting income was "sometimes two thousand, sometimes five thousand, sometimes four, sometimes nothing." (*Id.* at 5).

The Motion to Dismiss argues that the allegations in the Complaint are conclusory and do not plead enough facts to support a claim. (ECF No. 3 at 15). Sanchez contends that the allegedly inconsistent statements are compatible because Sanchez testified that there are months that his income is "nothing", thus the estimate of $1,500 on his bankruptcy schedules cannot be a falsehood. (*Id.*).

The Court concludes that the Complaint has pled insufficient facts on the intent element to constitute a valid claim under § 727(a)(4) on these facts. There is insufficient evidence that Sanchez filled out his Schedules with fraudulent intent. To prove intent, the Hospital states only that the "false representations are material and the Debtor made them knowingly and fraudulently" (ECF No. 1 at 8-9). This statement is a conclusion without supporting facts and is therefore

insufficient to plead a cause of action under § 727(a)(4). The Court finds that the other four elements necessary to the claim are plead sufficiently.

### c) Alleged misstatements on Statement of Financial Affairs

Next, the Hospital accuses Sanchez of misrepresenting income on his SOFA for the years 2019, 2020, and 2021. More specifically, the Hospital's Complaint alleges that Sanchez listed gross income amounts for the years 2019–2021 in the amounts of $6,133, $30,000, and $4,000, respectively. (ECF No. 1 at 8). The Hospital claims these numbers do not comport with Sanchez's testimony that his monthly income was "sometimes two thousand, sometimes five thousand, sometimes four, sometimes nothing." (*Id.*).

The Motion to Dismiss argues that the Complaint pled no falsehood because the testimony concerned monthly income whereas the SOFA inquires about the total amount of money Sanchez received in any given year. (ECF No. 3 at 16–17).

Though the parties argue whether Sanchez's statements were false, the Complaint is deficient because it pleads no facts alleging fraudulent intent. Simply put, there are no facts alleged that can lead to an inference that Sanchez lied about his income with fraudulent intent. For this reason, the Court finds that the allegations concerning alleged false oaths in Sanchez's SOFA to be insufficient. As above, the other four elements to this claim are sufficiently pled.

### d) Alleged misstatements about expenses

Lastly, the Hospital contends that Sanchez made a false oath by testifying that his monthly personal expenses were paid by Chioggia in his deposition, while also claiming his personal expenses on his bankruptcy schedules. (ECF No. 1 at 8). In light of this testimony, the Hospital argues that Sanchez's personal expenses should be claimed by Chioggia and not by Sanchez personally. (*Id.*). Sanchez argues that he did nothing more than comply with the requirement under

§ 521(a)(1)(B)(iii) to report his monthly expenses, regardless of how they are paid. (ECF No. 3 at 17).

The Hospital does not affirmatively plead any of the elements required to sustain a viable cause of action for false oath on these facts. There are no facts alleged concerning the falsity of any statement. Also absent are any facts that could lead to the conclusion that Sanchez completed his schedules with fraudulent intent. In summary form, the facts alleged cannot plausibly establish a false oath by Sanchez.

### III.    *Claim for Attorney's Fees*

Plaintiff seeks attorney's fees and costs related to this complaint and cites §§ 105(a) and 727(a) to substantiate its request. Although Sanchez makes no argument against this request for fees and costs, the Court must evaluate whether the Complaint sufficiently pleads its claim.

No binding case law exists directly addressing whether a plaintiff who prevails on a § 727 action is entitled to attorney's fees and costs. Persuasive precedent, however, suggests attorney's fees cannot be recovered in this context. *See* **First United Bank & Trust Co. v. Buescher (In re Buescher)**, 491 B.R. 419, 439 (Bankr. E.D. Tex. 2013) (finding no basis for awarding attorney's fees to a successful plaintiff of a § 727 action), *aff'd*, 738 F.3d 302 (5th Cir. 2015). "There is no general right to attorney's fees under the Bankruptcy Code." **In re Valdez,** 324 B.R. 296, 299 (Bankr. S.D. Tex. 2005). Section 727, unlike other provisions of the Bankruptcy Code, does not explicitly provide a statutory basis to award attorney's fees. *Compare* 11 U.S.C. § 523(d) *with* 11 U.S.C. § 727; *see also* **(In re Buescher),** 491 B.R. at 439 ("Certainly § 727 itself does not provide a statutory basis for such a recovery. . ."), *aff'd*, 738 F.3d 302 (5th Cir. 2015). Cases addressing this issue find the lack of statutory authorization instructive. *See* **Banner Bank v. Wyatt (In re Wyatt),** 609 B.R. 530, 533–535 (Bankr. D. Idaho 2019) (rejecting argument that, because

attorney's fees are awarded in a § 523 action, attorney's fees should also be awarded in a § 727 action); ***Barbknecht Firm, P.C. v. Keese (In re Keese)***, Adv. Case No. 18-4057, 2021 WL 811572 (Bankr. E.D. Tex., Feb. 28, 2021) (similar) (reversed and remanded on other grounds).

Courts have also declined to extend awarding attorney's fees to § 727 actions because, unlike in a § 523 adversary where only the plaintiff-creditor benefits from its victory, relief inures to all creditors. ***In re Buescher***, 491 B.R. at 439. As the Tenth Circuit Bankruptcy Appellate Panel reasoned,

> An action under § 727 does not liquidate the debt, nor does it give the plaintiff a judgment on its claim. Moreover, an action under § 727 may result in a total denial of discharge, placing every creditor in the position of being able to pursue collection of debts, both liquidated and unliquidated. The creditor that seeks such relief under § 727, relief that ultimately inures to all creditors, does not gain any special or particularized benefit . . .

***Tuloil, Inc. v. Shahid (In re Shahid)***, 254 B.R. 40, 44 (B.A.P. 10th Cir. 2000). The inverse of this corollary is persuasive as well: because the conduct underlying a § 727 action injures no party individually, it follows that no party individually should reap financial benefit from prosecuting the action. *See **In re Buescher***, 491 B.R. at 439 ("Because the judgment being issued by this Court does not reach any particularized claim against Mrs. Buescher solely for the benefit of the Plaintiff, there is no valid basis upon which to grant the Plaintiff's request for an award of attorney's fees."). For these reasons, the Court finds that the Plaintiff could not recover attorney's fees and costs as a matter of law if it were to prevail in this suit.

## IV.   *Leave to Amend*

Rule 15(a)(2) declares that the "court should freely give leave [to amend a complaint] when justice so requires." In the absence of undue delay, the plaintiff's bad faith or dilatory motives, or repeated failure to cure deficiencies by previously allowed amendments, or where amendment would be futile, the Court should grant leave freely. ***Foman v. Davis***, 371 U.S. 178 (1962).

When a claim is subject to dismissal under Rule 12(b)(6) for failure to state a claim, "courts often afford plaintiffs at least one opportunity to cure pleading deficiencies . . . unless it is clear that the defects are incurable or the plaintiffs advise the court that they are unwilling or unable to amend in a manner that will avoid dismissal." *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002).

The Court will grant leave to amend in accordance with this Order.

## CONCLUSION

IT IS THEREFORE ORDERED that Defendant Victor Hugo Sanchez's Motion to Dismiss (ECF No. 3) is DENIED.

IT IS FURTHER ORDERED that Plaintiff is GRANTED leave to amend the Complaint in accordance with this ruling within 14 calendar days.

IT IS FURTHER ORDERED that Defendant has 7 days from the filing of the amended complaint in which to file a responsive pleading under Rule 12.

# # #