UNITED STATES BANKRUPTCY COURT FOR THE
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| IN RE: | * | |
| | * | |
| VICTOR HUGO SANCHEZ | * | CASE NO. 21-51206 |
| | * | |
| DEBTOR | * | CHAPTER 7 |

___

| | | |
|---|---|---|
| DOCTORS' HOSPITAL AT | * | |
| RENAISSANCE LTD AND | * | |
| AND RGV MED LLC. | * | |
| | * | ADV. NO. 22-5003 |
| | * | |
| VS. | * | |
| | * | |
| VICTOR HUGO SANCHEZ | * | |

## MOTION TO DISMISS PURSUANT TO RULE 12(b)(4)-(5).

This Rule 12 Motion is filed pursuant to Rule 4, and Rule 12 Fed.R.Civ.P. and Rule 7004 and Rule 7012 Fed.R.Bankr.P.

**Timeliness**

1.     This motion is timely filed in accordance with the court's Order Denying Defendant Victor Hugo Sanchez's Motion for Dismissal for Failure to State a Claim and Granting Leave to Amend, entered June 1, 2022, which reads:

"IT IS FURTHER ORDERED that Defendant has 7 days from the filing of the amended complaint in which to file a responsive pleading under Rule 12."

The amended complaint was filed June 15, 2022. This responsive pleading is timely pursuant to Rule 12(h)(1) and the June 1, 2022 order.

1

**Relief Sought**

**2.** This motion seeks dismissal of the Amended Complaint for insufficient process pursuant to Rule 12(h)(1) and Rule 12(b)(4) Fed.R.Civ.P. and Rule 7012(b)(4) Fed.R.Bankr.P. as well as insufficient service of process pursuant to Rule 12(b)(5) Fed.R.Civ.P. and Rule 7012(b)(5) Fed.R.Bankr.P.

## I.
## Rule 12(b)(4)Dismissal for Insufficient Process

**Applicable Law**

3. Fed. R. Bankr. 7004 makes service of the summons and complaint a responsibility of plaintiff or his attorney and allowed for dismissal of adversary proceedings where such service was not provided.

4. The plaintiff must serve the defendant with the complaint and summons by mail within 90 days[1] from the date the complaint is filed. The plaintiff must state under oath, in the summons that the defendant was served, and how the defendant was served. There is no such statement in the summons. The defendant did not file a return of summons. Rule 7004(m) requires a plaintiff to provide a return of summons or proof of service within 90 days of the date the summons is issued. The docket shows that the plaintiff did not provide a return of summons or proof of service as required by Rule 7004(m).

5. Pursuant to Rule 4, the minimum requirements for adequate service and proof of service upon issuance of a summons consists of a) serving the summons with the complaint, b) serving the summons and complaint on the proper party, c) providing proof of service of by sworn affidavit and d) accomplishing the three

---

[1] Rule 4(m) Fed.R.Civ.P. was amended in 2017 to shorten the time limit for service of the complaint and summons from 120 days to ninety (90) days.

2

tasks within 90 days of the date the summons is issued by the clerk. The plaintiffs did not accomplish these tasks.

**Proof from the Docket**

6.  Exhibit 1 [ECF#2] is the summons issued in this case on January 11, 2022. The proof of service portion of [ECF#2] does not show that the defendant was served with process. The summons is to be signed under penalty of perjury showing where, when and how the defendant was served. ECF #2 is unsigned. ECF #2 is blank. There is no proof that the plaintiffs sought a reissued summons after there was no proof the original summons was served within seven (7) days as required by Rule 7004(e). There are no other entries in the docket which reference service of process. The summons was issued but there is no proof that it was served. This is insufficient process, and this case should be dismissed pursuant to Rule 12(b)(4).

**Failure to File Rule 4(l) Affidavit**

7.  This adversary proceeding should be dismissed pursuant to Rule 12(b)(4) as there is no affidavit proving service of the complaint and summons filed in this case during the 90-day service period set forth Rule 4(m). Service was not proved by plaintiff filing the required sworn affidavit filed within 90 days which is the plaintiff did not file the affidavit of service required by Rule 4(l) thus there is no factual basis to support service of the summons and complaint withing 90 days.

8.  In *Mazzone v. Osenbach*[2] the plaintiff failed to file the proof of service affidavit prior to the expiration of 120 days. The plaintiff then sought to obtain relief by showing good cause after the 120 days had expired. The court dismissed the case stating that the plaintiff was responsible for its own error. In *Edwards v. Goforth*[3] Edwards, a creditor, requested issuance of three summons over a four-

---

[2] *Mazzone v. Osebach (In re Osebach)*, 187 B.R. 92, 95 (Bankr. E.D.N.Y. 1995)
[3] *Edwards v. Goforth (In re Goforth),* 183 B.R. 560, 562 (Bankr. W.D. Ark. 1995), Fed. R. Civ. Proc. 7004(f), (j).

3

month period after filed a complaint. After 120 days he filed a return of service. It was deficient. It stated that summons was served but failed to state under oath that the complaint had been served. The court held that the untimely and incomplete return of service was not adequate proof of service and dismissed the case finding no exemption from Rule 4(l) and Rule 4(m).

9. A plaintiff's participation in a case does not excuse them from the requirements of Rule 4(l) and (m). In *Beck v. Fannie Mae*[4] the Becks sued Fannie Mae and filed motions and discovery materials but failed to file a proof of service establishing that they had served Fannie Mae with the summons and complaint. Fannie Mae filed a motion to dismiss for insufficient process under Federal Rule of Civil Procedure 12(b)(4) and insufficient service of process under Federal Rule of Civil Procedure 12(b)(5) which the court granted, dismissing the case.

**Rule 4(m) requires compulsory dismissal without prejudice.**

10. The plain language of Rule 4(m) mandates dismissal. It reads: "If a defendant is not served within 90 days after the complaint is filed, the court – on motion of its own or on its own after notice to the plaintiff – *must dismiss the action without prejudice against the defendant.*" There is no proof in the record that the summons was served within 90 days[5] of the date the complaint was filed as required by Rule 4(m) which requires the court to dismiss the complaint for untimely service. The plaintiff did not meet the 90-day deadline for service under Rule 4(m).[6] Service of process was insufficient, and the case should be dismissed pursuant to Rule 12(b)(4).

## II.
## Rule 12(b)(5) Dismissal for Inadequate Service

---

[4] Beck v. Fannie Mae, No. 3:17-CV-29 (CDL), 2017 U.S. Dist. LEXIS 178230, at *1-2 (M.D. Ga. Oct. 27, 2017)
[5] Rule 4(m) Fed.R.Civ.P. was amended in 2017 to shorten the time limit for service of the complaint and summons from 120 days to ninety (90) days.
[6] Applies in adversary proceedings per Rule 7004(a)(1) Fed.R.Bankr.P.

4

**An emailed copy of the complaint to counsel is inadequate**

11. The only notice of the filing of this adversary proceeding was the email sent to Movant's counsel at 6:30 p.m. on January 11, 2022, the deadline for filing objections to discharge/dischargeability. It is attached as Exhibit 2. There is no authority in the Federal Rules of Bankruptcy Procedure establishes that an emailed original complaint to counsel and docketing in the ECF system is adequate service as required by Rule 12(b)(5).

**Plaintiffs failed to comply with Rule 7004(e)**

12. The plaintiffs did not provide proof of service within seven (7) days from the date the summons was issued. The plaintiffs also failed to seek re-issuance of service.

**Service on defendant's counsel is inadequate service.**

13. In *Rivas v. RJM*[7] plaintiffs' counsel executed a declaration relating to service[8] which stated that the complaint was served on the law firm representing the defendant. The court also held that there was nothing in the record to suggest that the firm was authorized to receive service on behalf of the creditor to whom the complaint was directed. The court held that serving the defendant's counsel was not sufficient service and the case was dismissed.

14. The court in *In re Rivas* found that plaintiffs' counsel, who served defendant's counsel by mail, failed to follow the procedures required for proper service of the complaint and summons. The court held that summons was not served with a copy of the complaint, and that the proof of service did not satisfy Fed. R. Bankr. P. 7004(a)(1), as it did not comply with Rule 4(c) and Rule 4(l) Fed.R.Civ.P. which require service of the complaint and summons together with an executed and filed affidavit because where service was made by a person other

---

[7] *Rivas v. RJM Acquisition (In re Rivas)*, 377 B.R. 423, 427 (Bankr. S.D. Fla. 2007)
[8] Contrary to this case.

5

than a marshal. The service affidavit stated that the summons was served on July 2, 2007, and the plaintiffs then sought a default judgment.

**Sanchez was not served with the complaint.**

15. The defendant was not served with the complaint and summons as required by Rule 7004(b)(1)-(9). *See,* Exhibit 3 Affidavit.

**The description of service in the complaint proves it was inadequate.**

16. Paragraph 3. of the Complaint [ECF#1] reads:

On information and belief, the Debtor may be served through his bankruptcy counsel, Michael J. O'Connor, located at 921 Proton Road, San Antonio, Texas 78258; **or** at the Debtor's principal residence, located at 7835 Smokey View, Boerne, Texas 78015; **or** wherever he may be found." Plaintiff uses the disjunctive "or" to describe the means by which it undertook service of process. None were adequate. Service on counsel is not a permissible option and Sanchez was not served at his home, by mail or by publication.

17. As set forth in authorities cited above, service upon counsel is not adequate – the *debtor* must be served with the complaint. Rule 7004(b)(1) – (9) describes the methods for serving various parties. The plaintiff sent the complaint by email to plaintiff's counsel. Serving a defendant's counsel with an objection to discharge by email is not adequate service of process to the defendant. Counsel for a debtor is not *ipso facto* authorized or designated to accept service of an adversary proceeding under the Federal Rules of Bankruptcy Procedure, much less via electronic means.

**A defendant's participation in litigation does not excuse dismissal for ineffective service.**

18. *In re Cowles*[9] began with a creditor filing an eleventh-hour objection to dischargeability on October 11, 2005. The debtor was served fifteen (15) days later, on October 26, 2005. The debtor filed an answer November 17, 2005,

---

[9] *W. Bank, Nat'l Ass'n v. Cowles (In re Cowles)*, 343 B.R. 18, 19 (Bankr. D. Conn. 2006)

6

followed by a motion to dismiss on December 19, 2005, claiming that the creditor had failed to effect service during the Rule 7004(e) ten (10)[10] day limit for service of the summons which was October 21, 2005 having served it five days too late, on October 26, 2005.

19. On March 20, 2006 (over five months after the complaint was filed and the summons issued) the plaintiff sought an extension of the Rule 7004(m) 120 day limit[11] and objected to the motion to dismiss claiming that the debtor did not suffer any prejudice from belated service as he had entered into a Rule 26 discovery agreement and participated in a pretrial conference after the untimely service of the summons and complaint.

20. The court held that the plaintiff showed no good cause for extension of the 120-day period to serve the summons and complaint as it had not cited any conduct by the debtor or any third party that would support such a finding. Because the 120-day period had expired and court found no good cause to extend it, the court's ruling dismissed the case with prejudice, as the statute of limitations had expired. The court held it had no reason to exercise jurisdiction to extend the 120-day period to rescue the plaintiff from the bar by limitations, stating that the delay in service was the product of the plaintiff's own failure to act stating that the Rule 4004 dischargeability statute of limitations could not be extended indefinitely. The creditor offered no reason for its delay, and cited no conduct by itself, the debtor, or any third party that would constitute grounds for a finding of good cause.

**The plaintiff cannot amend to make service timely through Rule 4(l)(3)**

---

[10] Rule 7004(e) has since been amended to shorten the time period to effect service to seven (7) days. The plaintiffs also failed to follow this requirement, another basis for dismissing this case.
[11] Rule 4(m) Fed.R.Civ.P. was amended in 2017 to shorten the time limit for service of the complaint and summons to ninety (90) days.

7

21. It is axiomatic that one cannot amend a document or pleading which does not exist. The plaintiffs' existing proof of service situation cannot be remedied by amending the blank document on file. Where a party has no proof of service within the Rule 4(m) 90-day limit, the plaintiff cannot use an amended proof of service to establish that valid service was made in the intervening 90 days. Inherent in the provisions of Rule 4(l) is the assumption that valid service has been effected and that only proof of service is imperfect.[12] Moreover, where a plaintiff offers no evidence showing a defendant had been served, much less properly served, Rule 4(*l*)(3) may prevent a defendant from avoiding a response to the complaint or summons or avoid default by untimely answers based upon a plaintiff's delay or defect in filing proof of service, *but it does not excuse the plaintiff's failure to file any proof of service.*[13]

WHEREFORE defendant asks that this court dismiss this adversary proceeding.

> Michael J. O'Connor Law Office
> *The Spectrum Building*
> 613 NW Loop 410, Ste. 840
> San Antonio, Texas  78216
> Phone:  (210) 729-6009
> By: *Michael J. O'Connor*
>     Michael J. O'Connor
>     Bar No. 15187400
>     oconnorlaw@gmail.com

---

[12] *Chhaparwal v. W. Va. Univ. Hosps., Inc.*, Civil Action No. 1:07CV89, 2008 U.S. Dist. LEXIS 48560, at *8 (N.D.W. Va. June 23, 2008)
[13] *Mann v. Castiel*, 401 U.S. App. D.C. 37, 42, 681 F.3d 368, 373 (2012)

8

## CERTIFICATE OF SERVICE

  The undersigned attorney certifies that a true and correct copy of the foregoing Notice has been served on the Plaintiffs by serving their attorneys via first class mail postage prepaid or electronic transmission on June 22, 2022.

Stephen K. Lecholop II  
Rosenthal Pauerstein Sandoloski Agather, LLP  
755 E. Mulberry Ave., Suite 200  
San Antonio, Texas 78212  
slecholop@rpsalaw.com  
Counsel for Plaintiffs

              /s/ Michael J. O'Connor